1
2
3
4
5
6
7

8           **UNITED STATES DISTRICT COURT**

9           **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| JOSH THOMAS, | )   Case No.: 1:15-cv-01845-LJO-SAB (PC) |
|       Plaintiff, | ) |
| | )   **ORDER DISMISSING ACTION AS** |
|     v. | )   **DUPLICATIVE OF CASE NUMBER 1:15-CV-** |
| C. OGBUEHI, et al., | )   **01059-LJO-DLB (PC)** |
|       Defendants. | ) |
| | ) |

Plaintiff Josh Thomas is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on December 10, 2015.  On January 5, 2016, the Court granted Plaintiff's application to proceed in forma pauperis, despite having suffered three or more strikes under 28 U.S.C. § 1915(g), based on a showing he is under imminent danger of serious physical injury.  (Doc. No. 4.)  The Court has yet to screen the complaint pursuant to 28 U.S.C. § 1915A.

The Court takes judicial notice of the fact that Plaintiff has previously filed an action in this Court in case number 1:15-cv-01059-LJO-DLB (PC), Thomas v. Ogbehi, et.al.[1]  That case was

---

[1] Federal Rule of Evidence 201 permits the Court to take judicial notice at any time.  A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b).  Courts may take judicial notice of facts related to the case before it.  Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum

1

dismissed, without prejudice, to re-filing with the filing fee on July 14, 2015.  (Doc. No. 4.)  Plaintiff filed a motion for reconsideration on August 13, 2015, which was denied on August 31, 2015.  (Doc. Nos. 6 & 7.)  Plaintiff then filed a notice of appeal on September 15, 2015.  (Doc. 8.)  On February 22, 2016, the United States Court of Appeals for the Ninth Circuit reversed and remanded the action finding "the district court erred in denying appellant leave to amend his complaint without making a finding that amendment would be futile."  (Doc. 18, Order at 2.)  On March 29, 2016, the case was reopened, and Plaintiff was granted leave to file an amended complaint.  (Doc. 20.)  In response to the Court's order, Plaintiff filed a notice on April 18, 2016, indicating that he filed his new case as previously instructed in case number 1:15-cv-01845-LJO-SAB (PC), Thomas v. Ogbechi, et al. Based on a review of record, the instant action is duplicative of case number 1:15-cv-01059-LJO-DLB (PC), which was reopened on March 29, 2016, and Plaintiff's claims shall proceed in that action. Accordingly, the instant action is DISMISSED as duplicative.

IT IS SO ORDERED.

Dated:   __**April 19, 2016**__                    ____**/s/ Lawrence J. O'Neill**____
                                                        UNITED STATES DISTRICT JUDGE

---

of order and judgment from previous case involving same parties).  This Court may judicially notice the records and filing of other court proceedings.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002).